**AFFIRM; and Opinion Filed October 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00825-CV

### IN THE INTEREST OF J.A., A CHILD

### On Appeal from the 304th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 15-00638-W

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

Father appeals from the trial court's decree terminating his parental rights to his child, J.A. Father's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1966), stating that the record does not contain any reversible error that was preserved for appellate review. Counsel provided Father a copy of the brief and advised Father of his right to examine the appellate record and file a pro se response. In addition, this Court provided Father a copy of the *Anders* brief and notified him of his right to examine the appellate record and file a pro se response. Father did not file a pro se response. We affirm the trial court's decree of termination, but we deny counsel's motion to withdraw.

Following a bench trial, the trial court terminated Father's parental rights to J.A. based on abandonment.[1] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C) (West Supp. 2016) (trial court may involuntarily terminate parent–child relationship if parent has "voluntarily left the child

---

[1] The trial court also terminated Mother's parental rights based on her voluntary relinquishment of her parental rights to J.A.

alone or in the presence of another without providing adequate support of the child and remained away for a period of at least six months"). Father did not appear for trial, but filed a pro se letter in the trial court stating that J.A.'s mother prevented him from having a relationship with J.A. At the time of trial, the record was undisputed that J.A. was a teenager and Father had had no relationship with him or provided support for him since he was 11 months old. Additionally, Father's return address on correspondence filed in the trial court was a Washington correctional facility, and the record showed he had a history of homelessness and had been in and out of prison for drugs and sexual offenses, "a pattern of conduct that is inimical to the very idea of child-rearing." *See In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (evidence of acts or omissions may be relevant to determination of both ground for termination and best interest of child). J.A. stated that he did not want to have communications with Father, but that this could change in the future. The decree of termination authorized Father's post-termination access to J.A. with J.A.'s consent and on terms approved by J.A.'s therapist.

The procedures established in *Anders* are applicable to an appeal from a trial court's decree of termination of parental rights where, as here, the appellant's appointed counsel concludes that there are no non-frivolous issues to assert on appeal. *See In re D.D.*, 279 S.W.3d 849, 849–50 (Tex. App.—Dallas 2009, pet. denied). This Court is not required to address the merits of each claim raised in an *Anders* brief or a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d at 850 (citing *Bledsoe*, 178 S.W.3d at 827). Instead, our duty is to determine whether there are any arguable grounds for reversal and, if so, to remand the case to the trial court so that new counsel may be appointed to address the issues. *See In re D.D.*, 279 S.W.3d at 850.

In the *Anders* brief, counsel for Father presents his professional evaluation of the record demonstrating why there are no arguable grounds for reversal and concluding that Father's

appeal is frivolous and without merit.  *See Anders*, 386 U.S. at 744.  We independently reviewed the entire record and counsel's *Anders* brief and agree that the appeal is frivolous and without merit.  We find nothing in the record that could arguably support the appeal.  Accordingly, we affirm the trial court's decree of termination.  However, we deny counsel's motion to withdraw.  *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3–4 (Tex. Apr. 1, 2016) (in parental termination case, court-appointed attorney's duties to client continue through filing of petition for review, and motion to withdraw in court of appeals may be premature unless good cause shown).  Counsel has not shown good cause for withdrawing from his representation of Father, and, as a result, his obligations have not been discharged.  *See id*.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

160825F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.A., A CHILD,

No. 05-16-00825-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 15-00638-W.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee the Dallas County Child Protective Services Unit of the Department of Family and Protective Services recover its costs of this appeal from appellant Fredrick Lee Christophe.

Judgment entered this 13th day of October, 2016.